# 𝔚𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## L. H. GRESHAM V. AMERICAN RAILWAY EXPRESS COMPANY.

### March 17, 1927.

1. MALICIOUS PROSECUTION—*Elements of Malicious Prosecution—Probable Cause—Malice.*—In order to sustain an action for malicious prosecution the plaintiff must allege and prove that the prosecution was set on foot by the defendant, and that it has terminated in a manner not unfavorable to the plaintiff; that it was instituted or procured by the cooperation of the defendant; that it was without probable cause; and that it was malicious.

2. MALICIOUS PROSECUTION—*Probable Cause.*—Probable cause is knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff was guilty of the crime of which he was suspected.

3. MALICIOUS PROSECUTION—*Probable Cause—Evidence Sufficient to Establish—Case at Bar.*—The instant case was an action by plaintiff against defendant for malicious prosecution. Plaintiff was a clerk of defendant, an express company, in full charge of a department and responsible to the defendant for the proper handling of the funds which were received by the department. The officials of defendant, with the assistance of plaintiff, made careful checks and rechecks of all the books and records of plaintiff's department, which showed a large shortage for shipments delivered and money not accounted for. Plaintiff gave no explanation as to what had become of the money. All the facts were laid before the Commonwealth's attorney and he, believing the evidence was sufficient to convict the plaintiff of embezzlement, advised that warrants be sworn out against him. No malice was shown except such as might be inferred from want of probable cause.

    *Held:* That the plaintiff failed to show malice or want of probable cause.

4. MALICIOUS PROSECUTION—*Advice of Counsel.*—The advice of counsel, sought with an honest desire to be informed as to the law, and obtained upon a full and correct disclosure of all the material facts within the knowledge, or which, by a reasonably careful investigation, should have been within the knowledge of the party seeking such advice, is a perfect defense to an action for malicious prosecution.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. M. Brandt* and *Moses Ehrenworth*, for the plaintiff in error.

*Thomas W. Shelton* and *Alfred Anderson*, for the defendant in error.

WEST, J., delivered the opinion of the court.

L. H. Gresham brought an action against American Railway Express Company for malicious prosecution. The jury returned a verdict in favor of the plaintiff for $2,500. The court set the verdict aside and entered judgment for the defendant. Gresham is here complaining.

The parties will be referred to as plaintiff and defendant, with respect to their positions in the trial court.

The plaintiff was in charge of the "on-hand department" of defendant's express office at Norfolk, Virginia. This department handles all shipments, open and C. O. D., received by express, without local street address, or beyond local delivery limits, or as to which the consignee cannot be located. Upon delivery of shipments to this department the clerk in charge checks them and issues to the deliveryman due bills in the amounts of money or charges due by the consignees. These due bills are delivered by the deliveryman to the settlement clerk, who delivers them to the cashier of the company, and the clerk in charge is required to pay the due bills,

with the money collected on the shipments delivered, or by returning the shipments not delivered.

Each open shipment is entered upon a card which is placed in a cabinet near the cashier's window. These cards were the only records the plaintiff kept of the *open* shipments in his department. When shipments were delivered to consignees, the charges were collected and paid to the cashier and the cards were taken over by the plaintiff, the clerk in charge.

The C. O. D. shipments were entered on the C. O. D. register, and a receipt form book, which was signed by the consignee when the goods were delivered and by the cashier, Mrs. Edna Terry, when the cash was paid over to her. In settling with the cashier, express charges and C. O. D. collections were receipted for separately.

In 1922, there were complaints that the department had failed to return moneys to C. O. D. consignors. The department was checked up by the company's general agent, with the assistance of Gresham, and re-checked by the traveling auditor of the defendant, and showed a deficit of $1,378.12. A conference was then held at which the plaintiff and his counsel were present, and the figures and documents were again gone over in detail and the plaintiff admitted the audit was correct, but offered no explanation of the shortage. This deficit was made up in part of a C. O. D. shipment to one T. F. Snyder, consignee, the charges on which were $104.10. The plaintiff had received the money and delivered the goods, but failed to make any entry of same on his C. O. D. records or to account for the money.

It also appeared that a C. O. D. shipment consigned to W. T. Matthews had been delivered and collected for and the money paid to the plaintiff, who had entered it as an *open* shipment, and not upon his C. O. D. records. Gresham acknowledged he had received the money but

could not show why the entry was thus made or that the money was ever paid over to the cashier or the consignor.

A C. O. D. shipment to R. C. West was also entered up as an open shipment, the goods delivered and money collected, but not accounted for.

There was also a C. O. D. shipment for H. H. Johnson, the charges on which amounted to $111.00, $20.00 of which was to be paid in cash and the balance in notes signed by Johnson. The evidence shows that Johnson signed the notes and delivered them, together with the cash, to G. K. Williams, a clerk in the department, who, directly or through the cashier, delivered the cash and the notes to Gresham, who failed to account for the same.

After the conference, at which the plaintiff was present, the general agent, auditor and attorney for the defendant submitted their audit and all the facts bearing upon the guilt of the plaintiff to Thos. H. Willcox, Jr., then Commonwealth's attorney for the city of Norfolk, who, after careful consideration, recommended that the plaintiff be prosecuted. Upon his advice and recommendation, two warrants were issued, one charging the embezzlement of the $104.10, involved in the T. F. Snyder shipment, and the other for the balance of the shortage amounting to $1,274.02. The police justice sent both cases on to the grand jury, which returned two indictments. On the indictment based upon the Snyder shipment, the jury convicted Gresham and gave him one year in the penitentiary. The court set the verdict aside and upon the second trial he was acquitted. His trial upon the other indictment also resulted in an acquittal.

In disposing of the assignments of error it will be necessary to consider only two questions: (1) Malice

and want of probable cause; and (2) the defense of "advice of counsel."

[1] To entitle the plaintiff to recover, the burden was on him to show that the defendant, at the time the warrants were issued, did not have probable cause to believe the plaintiff had committed a criminal offense and that the defendant was actuated by malice towards the plaintiff.

"In order to sustain an action for malicious prosecution the plaintiff must allege and prove that the prosecution was set on foot by the defendant, and that it has terminated in a manner not unfavorable to the plaintiff; that it was instituted or procured by the cooperation of the defendant; that it was without probable cause; and that it was malicious." Burks Pl. & Pr., page 233; *Guggenheimer* v. *Southern Seminary*, 141 Va. 144, 126 S. E. 72.

[2] "Probable cause is knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Va. Ry. & P. Co.* v. *Klaff*, 123 Va. 266, 96 S. E. 246.

It is not contended that the plaintiff has shown any malice on the part of the defendant, except such as may be inferred from the want of probable cause.

[3] A careful examination of the evidence satisfies us that the plaintiff has failed to show that the defendant did not have probable cause to believe the plaintiff was guilty of a criminal offense. On the contrary, the evidence introduced by the defendant is sufficient, as a matter of law, to show the existence of probable cause.

The plaintiff was in full charge of the on-hand department, and was responsible to the defendant for the proper handling of the funds which were received by the

department.  The general agent, with the assistance of the plaintiff, made a careful check of all the books and records of his department, which showed a shortage in his office of $1,378.12, for shipments delivered and money not accounted for.  After the check by the general agent, the traveling auditor of the defendant spent several weeks rechecking in detail the plaintiff's accounts in his department, which showed a shortage of $1,378.12.  Later, the traveling auditor, the general agent, the plaintiff and his counsel, Mr. Lankford, went over and checked all the items and the plaintiff acknowledged that the audit was correct, with the exception of about twelve dollars, but gave no explanation as to what had become of the money.

Subsequently, the audit and all the facts were laid before the Commonwealth's attorney for the city of Norfolk and he, believing the evidence was sufficient to convict the plaintiff of embezzlement, advised that warrants be sworn out against him.

The evidence bearing on the T. F. Snyder, the W. T. Matthews, the H. H. Johnson, and the R. C. West shipments, *supra*, supported by the opinion of the Commonwealth's attorney, was sufficient not only to convince the defendant that there was probable cause to believe that the plaintiff had committed a criminal offense, but that upon the evidence in hand he would be convicted of embezzlement when the cases came to trial.

[4] The advice of counsel, sought with an honest desire to be informed as to the law, and obtained upon a full and correct disclosure of all the material facts within the knowledge, or which, by a reasonably careful investigation, should have been within the knowledge of the party seeking such advice, is a perfect defense to an action for malicious prosecution.  *Commander* v.

*Provident Relief Asso.*, 126 Va. 463, 122 S. E. 89; *Turner v. Breamer*, 138 Va. 239, 121 S. E. 510.

Having reached the conclusion that the plaintiff's failure to show malice or want of probable cause fully warranted the court in setting aside the verdict of the jury, it is unnecessary for us to consider further the defense of advice of counsel.

The judgment must be affirmed.

*Affirmed.*